**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**ONONDAGA COUNTY LABORERS' HEALTH AND WELFARE,**
**PENSION, ANNUITY AND TRAINING FUNDS, by Janet M. Morro,**
**as Fund Administrator; and CONSTRUCTION AND GENERAL**
**LABORERS' LOCAL UNION NO. 633, by Gabriel Rosetti, as**
**Business Manager,**

|  |  |
|---|---|
| **Plaintiffs,** | **5:05-CV-1589** |
|  | **(FJS/DEP)** |

**v.**

**MAXIM CONSTRUCTION SERVICE CORP.; BARBARA SLATE,**
**individually and as an Officer of Maxim Construction Service Corp.;**
**and JAMES MALVASI, individually and as an Officer of Maxim**
**Construction Service Corp.,**

**Defendants.**

---

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **BLITMAN & KING LLP** | **JENNIFER A. CLARK, ESQ.** |
| Franklin Center, Suite 300 | |
| 443 North Franklin Street | |
| Syracuse, New York 13204 | |
| Attorneys for Plaintiffs | |
| | |
| **MAXIM CONSTRUCTION SERVICE CORP.** | **NO APPEARANCE** |
| 5974 Fisher Road | |
| East Syracuse, New York 13057 | |
| Defendant | |
| | |
| **BARBARA SLATE** | **NO APPEARANCE** |
| North Syracuse, New York | |
| Defendant | |
| | |
| **JAMES MALVASI** | **NO APPEARANCE** |
| Syracuse, New York | |
| Defendant | |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION[1]

On December 22, 2005, Plaintiffs commenced this action against Defendant Maxim Construction Service Corporation ("Defendant Corporation"), Defendant Barbara Slate, President of Defendant Corporation, and Defendant James Malvasi pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et. seq*., the Labor-Management Relations Act, 29 U.S.C. § 185(a), and the terms and conditions of a collective bargaining agreement and Agreements and Declarations of Trust.   Specifically, Plaintiffs sought to collect "delinquent fringe benefit contributions, deductions, interest, liquidated damages, costs and disbursements, and attorneys' fees due and owing to multi-employer benefit plans and a labor organization."  *See* Plaintiffs' Memorandum of Law at 1.

Defendants failed to answer or  respond to the complaint, and Plaintiffs requested that the Clerk of the Court enter default against them pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, *see* Dkt. No. 6, which the Clerk of the Court did on February 1, 2006, *see* Dkt. No. 7. Currently before the Court is Plaintiffs' motion, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, for entry of a default judgment in the amount of $17,232.43 in interest, liquidated damages and attorney's fees and costs.

---

[1]  The Court will refer to the Onondaga County Laborers' Health and Welfare, Pension, Annuity and Training Funds collectively as "Onondaga County Laborers' Funds."  These funds are a collection agent for the New York State Health and Safety Fund ("Health and Safety Fund"), the New York State Laborers' Employers Cooperation and Education Trust ("LECET") and the Industry Advancement Program ("I.A.P.").  The Court will refer to the Onondaga County Laborers' Funds, the Health and Safety Fund, and LECET collectively as "the Funds."

## II. DISCUSSION

**A.    Standard of Review**

When a court enters a default judgment, it must "accept[] as true all of the factual allegations of the complaint, except those relating to damages." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted).  With respect to damages, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Secs. (U.S.A.), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).  Determining the amount of damages is a two-fold task.  *See id.*  First, the court must determine "the proper rule for calculating damages on [the] claim[;]" then, the court must assess the "plaintiff's evidence supporting the damages to be determined under [the] rule." *Id.*  In calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

**B.    Damages**

**1. ERISA Funds**

Section 1145 of Title 29 of the United States Code provides that

> [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or agreement.

29 U.S.C. § 1145.

When a violation of § 1145 occurs, § 1132(g)(2) provides that,

> [i]n any action under this subchapter by a fiduciary for or on behalf of
> a plan to enforce section 1145 of this title in which a judgment in
> favor of the plan is awarded, the court shall award the plan –
>
> > **(A)** the unpaid contributions,
>
> > **(B)** interest on the unpaid contributions,
>
> > **(C)** an amount equal to the greater of –
>
> > > **(i)** interest on the unpaid contributions, or
> > >
> > > **(ii)** liquidated damages provided for
> > > under the plan in an amount not in
> > > excess of 20 percent (or such higher
> > > percentage as may be permitted under
> > > Federal or State law) of the amount
> > > determined by the court under
> > > subparagraph (A),
>
> > **(D)** reasonable attorney's fees and costs of the action,
> > to be paid by the defendant, and
>
> > **(E)** such other legal or equitable relief as the court
> > deems appropriate.
>
> For the purposes of this paragraph, interest on unpaid contributions
> shall be determined by using the rate provided under the plan, or, if
> none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).

The CBA states that "[t]he parties to this Collective Bargaining Agreement . . . agree that the signing of this Agreement shall constitute an obligation to be bound by the terms and conditions, rules and regulations of said Agreements and Declarations of Trust . . . ." *See* Affidavit of Jennifer A. Clark, dated March 31, 2006 ("Clark Aff."), at Exhibit "D." Defendant Slate signed the above CBA as President of Defendant Corporation. *See id.* at Exhibit "D" at 38. Furthermore, both ERISA and Plaintiffs' Collections Policy allow for the recovery of interest and penalties for both

4

unpaid and *late* contributions.  *See Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit & Training Funds v. Modi Eng'g & Land Surveying P.C.*, No. 96-CV-1921, 1998 WL 358511, *2 (N.D.N.Y. June 30, 1998); Clark Aff. at Exhibit "F" at § 2(b).  Accordingly, the Court finds that Defendants are bound by the CBA and Agreements and Declarations of Trust, as well as the Onondaga County Laborers' Funds' Collections Policy; and, therefore, the Court will apply the provisions of ERISA, the CBA, the Agreements and Declarations of Trust, and the Collections Policy to determine the amount of damages to which Plaintiffs are entitled.

### *a. Interest*

#### *(1). Onondaga County Laborers' Funds*

Under the Onondaga County Laborers' Funds' Collections Policy, the interest rate on unpaid or late contributions is one and one-half percent per month.  *See* Clark Aff. at Exhibit "F" at § 2. Plaintiffs calculate that Defendants owe **$798.11** in interest on untimely paid contributions to the Onondaga County Laborers' Funds for the period from August 2005 through December 2005.  *See* Clark Aff. at Exhibit "H."   In addition, Plaintiffs calculate that Defendants owe the Onondaga County Laborers' Funds **$12.39**[2] in interest on delinquent contributions for November 2004, **$234.58** in interest on delinquent contributions for December 2004 through March 2005, and

---

[2]  Plaintiffs provide several charts showing the calculation of unpaid contributions, deductions, interest and liquidated damages.  *See* Clark Aff. at Exhibits "J" & "H."  For November 2004, these charts show that payments on the interest owed were made; however, their calculation of total interest due includes interest owed to the Onondaga County Laborers' Funds, LECET and the Union for dues and PAC monies, and Plaintiffs fail to state to which amounts these credits apply.  However, a review of the Plaintiffs' charts indicates that Plaintiffs applied the $127.22 credit for interest paid to the $139.61 in interest that Defendants owed to the Onondaga County Laborers' Funds: $139.61-$127.22 = $12.39.  *See id.* at Exhibit "H."

$105.65 in interest on delinquent contributions for April 2005 through May 2005.[3]  *See* Clark Aff. at Exhibit "J."   Accordingly, the Court awards Plaintiff Onondaga County Laborers' Funds **$1,150.73** in interest against Defendants.

### *(2). LECET & the Health and Safety Fund*

Under the Amendments and Declarations of Trust for LECET and the Health and Safety Fund, the interest rate on unpaid or late contributions is one and one-half percent per month.  *See* Clark Aff. at Exhibit "E" at "Part 5" at 24; Complaint at ¶ 22.  Plaintiffs calculate that Defendants owe **$12.30** in interest for delinquent contributions to LECET and the Health and Safety Fund for the period from August 2005 through December 2005.  *See* Clark Aff. at Exhibit "H."  They calculate that for November 2004 Defendants owe **$2.81** in unpaid interest on the delinquent contributions to LECET and the Health and Safety Fund; that for the period from December 2004 through March 2005 Defendants owe **$4.52** in interest on the delinquent contributions; and that for April 2005 through May 2005, Defendants owe **$1.87** in interest on delinquent contributions.  *See* Clark Aff. at Exhibit "J."  Accordingly, the Court awards Plaintiffs LECET and the Health and Safety Fund **$21.50** in interest against Defendants.

### *b. Liquidated Damages*

### *(1).  Onondaga County Laborers' Funds*

Under the Onondaga County Laborers' Funds' Collections Policy, when contributions are

---

[3]  According to Plaintiffs' charts, Defendants do not owe contributions or interest for the period from March 2004 through October 2004.  *See* Clark Aff. at Exhibit "J."

unpaid or delinquent, the employer is liable for liquidated damages in the amount of ten percent of the contributions owing.  *See* Clark Aff. at Exhibit "F."  Plaintiffs calculate that for the period from August 2005 through December 2005 Defendants owe **$2,422.39** in liquidated damages for the untimely paid contributions.  *See* Clark Aff. at Exhibit "H."  Additionally, Plaintiffs calculate that Defendants owe **$9,701.19** in liquidated damages on the unpaid contributions for the following time periods: November 2004 ($1,219.74), December 2004 through March 2005 ($646.30), April 2005 through May 2005 ($487.24), and March 2004 through October 2004 ($7,347.91).  *See* Clark Aff. at Exhibit "J."  Accordingly, the Court awards Plaintiff Onondaga County Laborers' Funds **$12,123.58** in liquidated damages on untimely paid contributions against Defendants.

### *(2).  LECET & the Health and Safety Fund*

Plaintiffs are entitled to liquidated damages on the untimely paid contributions to LECET and the Health and Safety Fund in the amount of interest again.  *See* Complaint at ¶ 22.  Plaintiffs calculate that for the period from August 2005 through December 2005 Defendants owe **$12.30** in liquidated damages on the untimely paid contributions.  *See* Clark Aff. at Exhibit "H."   Plaintiffs also calculate that for November 2004 Defendants owe **$4.93** in liquidated damages; that for the period from December 2004 through March 2005 Defendants owe **$4.52** in liquidated damages; that for the period from April 2005 through May 2005 Defendants owe **$1.87** in liquidated damages; and that for the period from March 2004 through October 2004 Defendants owe **$32.17** in liquidated damages.  *See* Clark Aff. at Exhibit "J."  Accordingly, the Court awards Plaintiffs LECET and the Health & Safety Fund **$55.79** in liquidated damages against Defendants.

### 2.  Deductions: Dues,  I.A.P. and P.A.C. monies

#### a.  Interest

Plaintiffs state in their complaint that they are entitled to interest at a rate of nine percent per annum on untimely paid dues deductions and I.A.P. and P.A.C.  monies.  *See* Complaint at ¶ 22. Plaintiffs calculate that for the period from August 2005 through December 2005 Defendants owe **$60.38** in interest;  that for November 2004 Defendants owe **$9.85** in interest; that for the period from December 2004 through March 2005 Defendants owe **$17.37** in interest; and that for the period from April 2005 through May 2005 Defendants owe **$8.21** in interest.   *See* Clark Aff. at Exhibits "H" & "J."  Accordingly, the Court awards Plaintiffs **$95.81** in interest owing on Defendants' untimely paid deductions.

#### b. Liquidated Damages

Plaintiffs state in their complaint that they are entitled to liquidated damages equal to ten percent of the untimely/unpaid deductions.  *See* Complaint at ¶ 22.  Plaintiffs calculate that for the period from August 2005 through December 2005 Defendants owe **$367.51** in liquidated damages; that for November 2004 Defendants owe **$178.19** in liquidated damages; that for the period from December 2004-March 2005 Defendants owe **$96.76** in liquidated damages; that for the period from April 2005 through May 2005 Defendants owe **$76.76** in liquidated damages; and that for the period from March 2004 through October 2004 Defendants owe **$1,075.50** in liquidated damages.  *See* Clark Aff. at Exhibits "H" & "J."  Accordingly, the Court awards Plaintiffs **$1,794.72** in liquidated damages for Defendants' untimely/unpaid deductions.

C.     **Costs of Collection**

Section 1132(g)(2)(D) provides that a court shall award reasonable attorney's fees and costs of the action.  *See* 29 U.S.C. § 1132(g)(2)(D).  The Funds' Collections Policy provides that

> [i]f the Funds' Counsel performs legal services, which may include the commencement of legal proceedings against the Employer, to recover the amounts owed to the Funds pursuant to this section, the Employer shall reimburse the Funds for all attorneys' fees and paralegal fees, court costs, disbursements, and expenses incurred by the Funds in attempting to collect and in collecting the Funds' monies.

*See* Clark Aff. at Exhibit "F" at § 2(d).

### 1. Attorney's Fees and Costs

Courts calculate attorney's fees "by multiplying the number of billable hours that the prevailing party's attorneys spend on the case by 'the hourly rate normally charged for similar work by attorneys of like skill in the area.'"  *N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1140 (2d Cir. 1983) (quotation omitted).  "The reasonable hourly rate must be 'in line with those prevailing in the community . . . .'"  *N.Y.S. Teamsters Conference Pension & Ret. Fund v. United Parcel Serv., Inc.*, No. 5:98CV1902, 2004 WL 437474, *2 (N.D.N.Y. Feb. 27, 2004) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).  Courts have interpreted the term "community" to mean "the district where the court sits."  *Id.* (citing *Luciano*, 109 F.3d at 115).

In addition, parties must state, with specificity, "'the date, the hours expended, and the nature of the work done'" for each attorney.  *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994) (quoting [*N.Y.S. Ass'n for Retarded Children, Inc.*], 711 F.2d at 1148).  "'[C]ontemporaneous time records are a prerequisite[;]'" however, attorneys are

"'not required to record in great detail how each minute of [their] time was expended,'" but hours that are "'excessive, redundant, or otherwise unnecessary' must be excluded from the calculation. . . ." *United Parcel Serv., Inc.*, 2004 WL 437474, at *3 (internal quotations omitted).

Finally, an award of attorney's fees also includes reasonable out-of-pocket expenses normally charged to fee paying clients. *See id.* at *6 (quoting *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987)) (other citation omitted). Courts in this District have previously held that "costs associated with lodging, meals, transportation, photocopying, postage, long distance telephone charges, and facsimiles" are reasonable out-of-pocket expenses and thus recoverable. *See id.* (citing *O'Grady v. Mohawk Finishing Prods., Inc.*, No. 96-CV-1945, 1999 WL 30988, *7-*9 (N.D.N.Y. Jan. 15, 1999)). In addition, computerized legal research costs are recoverable. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F.3d 91, 99 (2d Cir. 2004) (citations omitted).

### a. Reasonable Hourly Rate

Relying upon this Court's discussions in *United Parcel Serv., Inc.*, 2004 WL 437474, at *2, *Plumbers, Pipefitters & Apprentices Local Union No. 112 Pension, Health & Educ. & Apprenticeship Plans v. Mauro's Plumbing, Heating & Fire Suppression Inc.*, 84 F. Supp. 2d 344, 356-57 (N.D.N.Y. 2000),[4] and *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of*

---

[4] In those cases, the court found that the following rates were reasonable: $175 per hour for experienced attorneys, $125 per hour for attorneys with four or more years experience, $100 per hour for newly admitted attorneys, and $65 per hour for paralegals.

*Albany*, No. 03-CV-502, 2005 WL 670307, *6 (N.D.N.Y. Mar. 22, 2005),[5]  Plaintiffs seek $206 per hour for the legal services Ms. Clark performed in 2005 and $216 per hour for the legal services she performed in 2006.  *See* Clark Aff. at Exhibit "K."  They also seek $113 per hour for paralegal services performed in 2005 and $118 per hour for paralegal services performed in 2006.  *See* Plaintiffs' Memorandum of Law at 10.  They assert that these hourly rates are reasonable given the experience and reputation of the Funds' attorneys, the time and labor required, the amount of delinquency involved and the results obtained.  *See* Plaintiffs' Memorandum of Law at 11.

Jennifer A. Clark is a partner at Blitman & King LLP and was admitted to the bar in 1982.  *See* Clark Aff. at ¶ 30 & n.1.  Her background and experience include practice before administrative agencies and state and federal courts in various actions, including numerous actions under ERISA to collect delinquent contributions owed to employee benefit plans.  *See id.*  In light of Ms. Clark's significant experience with ERISA actions and her years in practice, the Court finds that a reasonable rate for her legal services in 2005 is $206.00 per hour and that a reasonable rate for her services in 2006 is $210 per hour.   Furthermore, with respect to Ms. DeMacy, the Court finds that $113 per hour and $118 per hour are unreasonable rates and awards Plaintiffs paralegal fees at the rate of $80 per hour, which is a reasonable hourly rate for similar paralegal work in this community.

### b.  Award of Fees and Costs

Plaintiffs request an award of attorney's fees in the amount of $1,473.70.  To support their request, Plaintiffs provided the Court with an itemized statement of the legal services that Ms. Clark

---

[5] In this case, the court found that the following rates were reasonable: $210 per hour for experienced attorneys, $150 per hour for associates with four or more years experience, $120 per hour for associates with less than four years experience, and $80 for paralegals.

performed as well as the services that her paralegal performed.  *See* Clark Aff. at Exhibit "K."  This

itemized statement contains the names of the individuals who performed the work, the amount of

time that they spent performing the work, a brief description of the work that they performed, and

the date on which they performed the work.  *See id.*  None of the work appears to be excessive,

redundant or unnecessary.  Accordingly,  the Court awards Plaintiffs attorney's fees calculated as

follows:

| Attorney/Paralegal | Hourly Rate | Hours worked | Total |
|---|---|---|---|
| Jennifer A. Clark (2005) | $206 | 1.60 | $329.60 |
| Jennifer A. Clark (2006) | $210 | 2.85 | $598.50 |
| Linda L. DeMacy (Paralegal) | $80 | 4.0[6] | $320.00 |
| | | | **$1,248.10** |

In addition, Plaintiffs request an award of costs and disbursements in the amount of **$516.60**.

These costs and disbursements include copying ($150.60), filing fees ($250.00), postage and

delivery ($20.00), and service of process ($96.00).  Since all of these costs are reasonable out-of-

pocket expenses, the Court awards Plaintiffs costs in the amount they seek.

---

[6] In Plaintiffs' itemized statement there is an entry for one-half hour of work that a "JLR"
performed.  Plaintiffs do not indicate whether "JLR" is an attorney or paralegal nor do they
indicate "JLR"'s level of experience.  Without this information, the Court is unable to determine
what hourly rate to apply to this work; and, therefore, the Court does not award attorney's fees
for this work.

**D.** **Post-judgment Interest under 28 U.S.C. § 1961(a)**

Section 1961(a) of Title 28 of the United States Code provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Courts have awarded post-judgment interest on attorney's fees and costs when the judgment includes such an award. *See Raff v. Maggio*, 746 F. Supp. 1207, 1208 (E.D.N.Y. 1990) (citations omitted). Courts have also awarded post-judgment interest on awards of contributions and deductions, interest, and liquidated damages. *See I.B.E.W. Local No. 910 Welfare, Annuity, & Pension Funds v. Dexelectrics, Inc.*, 98 F. Supp. 2d 265, 277 (N.D.N.Y. 2000); *Alston v. Wall St. Garage Parking Corp.*, No. 03 Civ. 5418, 2004 WL 1194595, *2 (S.D.N.Y. May 28, 2004) (awarding post-judgment interest on all sums awarded, which included unpaid contributions, interest, statutory damages, attorney's fees and costs); *Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Training Program Fund v. Ciro Randazzo Builders, Inc.*, No. 03 Civ. 2677, 2004 WL 1152933, *4 (S.D.N.Y. May 24, 2004) (awarding post-judgment interest on all sums awarded, including unpaid contributions, interest, statutory damages, attorneys fees and costs). *But see N.Y.S. Teamsters Conference Pension & Ret. Fund v. Empire Airgas, Inc.*, No. 95-CV-1313, 1996 WL 31172, *3 (N.D.N.Y. Jan. 22, 1996) (citations omitted) (holding that post-judgment interest "is available only upon the amount of unpaid contributions . . . . No postjudgment interest is allowed on the other components of plaintiff's damages"). Accordingly, consistent with the majority of courts that have addressed this issue, the Court awards Plaintiffs post-judgment interest on the entire judgment.

13

## III. CONCLUSION

After carefully considering the file in this matter, Plaintiffs' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiffs' motion, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, for entry of a default judgment against Defendants is **GRANTED** in the amount of **$17,006.83**;[7] and the Court further

**ORDERS** that Plaintiffs are entitled to post-judgment interest calculated pursuant to 28 U.S.C. § 1961 on the entire amount of the judgment; and the Court further

**ORDERS** that the Clerk of the Court enter judgment in favor of Plaintiffs and close this case.


**IT IS SO ORDERED.**


Dated: June 15, 2006
        Syracuse, New York


_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[7] The award consists of **(1) $1,172.23** in interest Defendants owe on untimely paid contributions to Plaintiff Funds; **(2) $12,179.37** in liquidated damages Defendants owe on untimely paid contributions to Plaintiff Funds; **(3) $95.81** in interest Defendants owe on untimely paid dues deductions, I.A.P. and P.A.C. monies to Plaintiff Union; **(4) $1,794.72** in liquidated damages Defendants owe on untimely paid dues deductions, I.A.P. and P.A.C. monies to Plaintiff Union; **(5) $1,248.10** in attorney's fees to Plaintiffs; and **(6) $516.60** in costs and disbursements to Plaintiffs.